IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 106-012 |
| | ) | |
| DEWAYNE RODRIGUEZ SCOTT | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. In his objections, Defendant Scott complains, *inter alia*, of alleged mis-characterization of the hearing testimony and of the denial of the opportunity to present all of his intended arguments. The objections have no merit.

First, Defendant Scott complains that the Magistrate Judge mis-characterized the testimony of Ms. Laquinta Polk concerning her knowledge of the whereabouts of Defendant Scott on August 22, 2005, when officers came to the residence that she and Defendant Scott shared. At the outset, the Court notes that the portion of page 4 of the Report and Recommendation to which Defendant Scott objects is not specifically attributed to Ms. Polk, but rather appears in the midst of a description of the activities of the parole and law enforcement officers. More importantly, however, Defendant Scott has mis-characterized the record in asserting that Ms. Polk's testimony stated "*in no uncertain terms*, that Mr. Scott was *not* home and that he should be at work." (Doc. no. 22, p. 1). To the contrary, Ms. Polk

testified no less than <u>four</u> times that she told various officers on the scene that although Defendant Scott should be at work, she did not know if he was home.[1]  This objection is simply not supported by the record.

As to the objections concerning the import of Ms. Polk's consent to search the residence she shared with Defendant Scott, these, too, are without merit.  It is well settled that Fourth Amendment rights are personal and cannot be vicariously asserted.  See <u>Rakas v. Illinois</u>, 439 U.S. 128, 133-34 (1978) (finding that passengers in a car had no standing to challenge the search of the car that produced evidence ultimately used against them); see also <u>United States v. Bella</u>, 605 F.2d 160, 161 (5th Cir. 1979) (finding that a defendant had no standing to complain about the search of companions' luggage).  Defendant Scott expends much energy arguing that Ms. Polk did not provide voluntary consent to enter the house and was coerced into granting entry to the residence she shared with Defendant Scott.[2]  However, he fails to show how <u>his</u> Fourth Amendment rights may have been violated by any wrongs allegedly carried out against Ms. Polk.

To the extent Defendant Scott claims that his arguments about Ms. Polk's consent go to the issue of the reasonableness of the search and not to the issue of whether an alleged violation Ms. Polk's rights might impact his Fourth Amendment rights, this position is also

---

[1] Although the transcript requested by the government was not filed immediately, the Court was able to listen to the hearing on the courthouse audio recording system and noted Ms. Polk's testimony concerning her uncertainty about Defendant Scott's whereabouts at the following time markers:  11:33.04, 11:33.18, 11:33.58, and 11:37.37.

[2] Notably, there is no dispute that the shared residence was the residence of record in Defendant Scott's parole files and that Ms. Polk knew that Defendant Scott was subject to searches as part of his parole conditions.

without merit. Although Ms. Polk testified at the hearing as to her consternation at seeing officers stream into the residence after she had opened the front door to them,[3] she also testified that she had been treated politely and cordially by most parole officers on the scene.[4] Furthermore, she testified that she had no "serious" or "significant" disagreement with the testimony she heard at the evidentiary hearing from the officers concerning her decision to allow them into the residence.[5] Under the circumstances, the Court agrees with the Magistrate Judge's conclusion that the search at issue was reasonable.

Defendant Scott further objects that the Magistrate Judge improperly dismissed the issue of Ms. Polk's consent after stating at the hearing that he would review the record for conflicts regarding consent. However, as the Report and Recommendation explains, because of the argument by counsel that he was not challenging the warrantless entry to the residence but rather was challenging the way in which the incriminating evidence could be used,[6] a post-hearing review of the entire record showed that discrepancies in the descriptions of the manner in which consent was obtained, or offered with reservations, were no longer central to resolving the motion to suppress. Moreover, the belated argument of counsel that he was caught off guard by the abrupt end of the hearing and that he intended to make additional arguments rings particularly hollow in light of the fact that the Magistrate Judge offered counsel the opportunity to submit a supplemental brief on any issue relevant to the motion

---

[3] Audio recording time marker:  11:37.19 - 11:37.22.

[4] Audio recording time marker:  11:43.28 - 11:43.36.

[5] Audio recording time marker:  11:43.38 - 11:44.08.

[6] Audio recording time marker:  11:44.51 - 11:50.00.

to suppress. Counsel declined that invitation in writing. (Doc. no. 24, Ex. A, Letter from Timothy E. Moses to Magistrate Judge W. Leon Barfield, dated Mar. 27, 2006 ("[Y]ou indicated that you would afford me seven (7) days to provide a supplemental brief prior to ruling on the [motion to suppress]. . . . [P]lease accept this letter as notification that the defendant will not submit a supplemental brief prior to the issuance of your order on this issue.")). Counsel has had ample time and opportunity to make his arguments, and this objection is without merit.

As the Magistrate Judge explained (doc. no. 20, pp. 10-15) and the government reiterated in its response to Defendant Scott's objections (doc. no. 24, p. 2), the proper focus of the inquiry is the reasonableness of "a warrantless search of the residence of a parolee who has expressly agreed to such searches as a condition of his release."[7] As described in detail in the Report and Recommendation, on August 22, 2005, based on tips from multiple sources concerning the presence of illegal drugs at Defendant Scott's residence of record - a residence that he shared with Ms. Polk - and with the knowledge that Defendant Scott had prior parole violations involving illegal drugs, officers had reasonable suspicion that Defendant Scott was engaged in criminal conduct. Ms. Polk could not, with any certainty, provide officers with Defendant Scott's location, but, after some discussion with officers on

---

[7]Defendant Scott agreed as a condition of his parole that his "Parole Officer or any other parole officer may, at any time, conduct a warrantless search of my person, papers, place of residence, automobile or any other property under my control." Evidentiary Hearing, Gov't Ex. A.

the scene, she did allow officers to enter the residence. Given these circumstances, the officers were authorized to conduct their reasonable, warrantless search of Defendant Scott's residence of record.

All remaining objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendant Scott's motion to suppress is **DENIED**. (Doc. no. 9).

SO ORDERED this 26th day of May, 2006, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA  \*

vs.  \*   CASE NO. CR106-12

DEWAYNE RODRIGUEZ SCOTT  \*

\*

\*

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as order dated 5/26/06, which is part of the official records of this case.

Date of Mailing: 5/26/06
Date of Certificate: 5/26/06

SCOTT L. POFF, CLERK

By: _[signature]_

NAME:
1. Dewayne Rodriguez Scott
2. Timothy E. Moses
3.
4.
5.
6.
7.

Cert/Copy
- ☐ ☒ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds